Filed 11/30/23  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081150 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250578) |
| JESSIE WILLARD JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, Paige B. Hazard, Susan Elizabeth Miller, and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jessie Willard Jones appeals the judgment upon resentencing after the court recalled his prior sentence pursuant to Penal

Code section 1172.1.[1]  Jones contends the trial court abused its discretion by declining to dismiss either a "strike" prior offense (§ 667, subds. (b)–(i)) or a serious felony prior offense (§ 667, subd. (a)(1)).  Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury convicted Jones of first-degree robbery, residential burglary, assault with a deadly weapon, assault by means of force likely to produce great bodily injury, assault with a firearm, and false imprisonment.[2] The jury found true a special allegation that Jones personally used a deadly and dangerous weapon (a firearm).  (§ 12022.5, subd. (a).)  The sentencing court found true allegations that Jones was convicted of a serious felony (§ 667, subd. (a)(1)), and that he was convicted of a serious or violent felony within the meaning of the "Three Strikes" law (§ 667, subds. (b)-(i)) (the "strike prior").  The court sentenced Jones to a 28-year prison term.

On appeal, this court concluded that Jones's sentence on one of the counts should have been stayed under section 654 and that the trial court should have added only one five-year serious felony enhancement under section 667, subdivision (a)(1) to Jones's term.  Accordingly, this court vacated and remanded for resentencing.

At the resentencing hearing following remand, Jones asked the court to dismiss his strike prior and sentence him to a total term of 15 years, rather than the 21-year term advocated by the People.  The court declined to dismiss the strike prior and imposed a 21-year sentence, consisting of 12 years for the robbery count (the middle term, doubled for the strike prior), 4 years for the

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    The evidence presented at trial is summarized in detail in our prior opinion, *People v. Jones* (Jan. 11, 2016, D065740) [nonpub. opn.].

deadly and dangerous weapon finding, and 5 years for the serious felony enhancement. On a second appeal, this court concluded the trial court had not abused its discretion by declining to dismiss the strike prior. (See *People v. Jones* (June 9, 2017, D070830) [nonpub. opn.].)

In 2019, the Secretary of the Department of Corrections and Rehabilitation (CDCR) issued a letter giving the court authority to resentence Jones "[i]n light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(l) (authority which did not exist at the time of Jones'[s] sentencing)." Jones filed a brief asking the court to dismiss his strike prior, his serious felony prior, and the firearm finding. Jones argued (1) the prior conviction was committed in 2008 and was thus remote at the time of resentencing; (2) Jones was remorseful for his criminal conduct; (3) Jones was not a danger to persons, as demonstrated by the CDCR's resentencing recommendation; and (4) Jones had rehabilitated himself, as evidenced by his participation in "rehabilitation programming" and his work with the Public Defender to construct a reentry plan. He submitted evidence that he completed a five-month substance abuse program in 2017, completed an anger management class in 2020, and had walked the prison "yard between the hour of 8:30 and 10:30 on October 15, 2016" in honor of the American Cancer Society's "Making Strides Against Breast Cancer" campaign. The People opposed resentencing, arguing that Jones continued to pose a danger to public safety in light of his long criminal history, and "escalating violence."

3

At a thorough resentencing hearing, the court determined that no circumstances overcame the presumption[3] favoring recall of Jones's prior sentence.  However, the court declined to exercise its discretion to dismiss the strike prior "given the nature of [the commitment] offense as well as the prior criminal history," concluding the court could not "find that he is outside the spirit of the [T]hree [S]trikes law."

The court also declined to dismiss the serious felony prior pursuant to section 1385, subdivision (c).  The court rejected Jones's argument that the prior conviction was over five years old (§ 1385, subd. (c)(2)(H)) "because it was not over five years old at the time of the commission of the offense."  The court found that section 1385, subdivision (c)(2)(B) applied because there were multiple applicable enhancements.  However, the court concluded that "dismissal [of the enhancement] would endanger public safety," meaning "there [is] a likelihood that the dismissal [of the enhancement] would result in physical injury or other serious danger to others."  The court noted Jones's record showed "that he has engaged in physical violence resulting in injury to his former girlfriend, participated in a robbery that resulted in physical injury to another person, and used a firearm," and that he was "under the influence at the time of the last offense."  Although the court considered that Jones had "taken one class in prison and avoided any rules violations," it found he had not "addressed the substance abuse issue or engaged in sufficient programming" to mitigate the risk to public safety.  The court noted that Jones had not expressed concern for the victim and that he had repeatedly "acted in poor fashion and then tried to make amends for it," but

---

3    Section 1172.1, subdivision (b)(2) states, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."

4

needed to demonstrate that he could avoid committing "that first action" going forward.  The court imposed a term of 20 years.  Jones appeals.

## DISCUSSION

We review a court's discretionary sentencing decisions under the "deferential abuse of discretion standard."  (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)  " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*Id.* at pp. 376–377, quoting *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.)  "Sentencing courts have wide discretion in weighing aggravating and mitigating factors."  (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.)  Reviewing courts can neither "reweigh valid factors bearing on the decision below" (*People v. Scott* (1994) 9 Cal.4th 331, 355) nor " ' " 'substitut[e] [their] judgment for the judgment of the trial judge' " ' "  (*Carmony, supra*, at p. 377).  "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Ibid.*).

Jones contends that the court abused its discretion by declining to dismiss either the strike prior or the serious felony prior in light of:  (1) "the remoteness of the prior"; (2) his "minimal disciplinary record" while in prison; and (3) "his efforts toward rehabilitation."  Given the deference with which we review the trial court's exercise of its broad sentencing discretion, we cannot agree.

Jones first argues the trial court erred by concluding that his 2008 conviction was not over five years old for purposes of section 1385, subdivision (c)(2)(H).  Assuming Jones is correct that section 1385, subdivision (c)(2)(H) applies,[4] we find no reversible error.  Section 1385, subdivision (c)(2) provides: "Proof of the presence of one or more of [the enumerated mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  As noted above, the court found that a different mitigating factor applied and that dismissal of the enhancements *would* endanger public safety.  A finding that section 1385, subdivision (c)(2)(H) also applies would not have affected the court's analysis or Jones's sentence.

Jones's brief could also be read to suggest that, whether or not section 1385, subdivision (c)(2)(H) applies, the court should have considered that the 2008 conviction was "clearly remote."  "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on."  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)  Rather, "[i]n analyzing whether a defendant's prior criminal conduct was 'remote,' a trial court should consider whether the defendant 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes."  (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 390, quoting *People v. Steele* (2002) 27 Cal.4th 1230, 1245.)  Jones committed the current offense in 2013.  He has been incarcerated for this offense for 9 of the 15 years since the 2008 conviction.  It was thus not

_____

4    Jones observes that the statute does not specify whether the age of a conviction should be measured from the time of the commitment offense or the time of resentencing.  (§ 1385, subd. (c)(2)(H) ["The enhancement is based on a prior conviction that is over five years old."].)

6

unreasonable for the court to conclude that the prior offense was not too remote to consider for purposes of sentencing.

Jones otherwise argues that the sentencing court should have given more weight to his good behavior in prison and his efforts at rehabilitation. The transcript of the resentencing hearing demonstrates that the court did consider these factors, in fact commending Jones for his efforts. Nonetheless, the court declined to exercise its discretion to dismiss the strike prior "given the nature of [the commitment] offense as well as the prior criminal history." The commitment offense was a violent home invasion, and Jones personally kicked the victim in the groin and held him at gunpoint after others had hit the victim in the head with a hammer. In committing the strike offense, Jones threatened to kill his girlfriend, punched her 12 to 15 times in the face and body, pulled her by her hair, threw a fan at her, and threatened her with an empty vodka bottle stating, "I'll fuck up your face so you will never look good." Jones's decades-long criminal history also includes eight other convictions, including multiple felonies, and numerous probation and parole violations. We cannot say that the sentencing court's determination is "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, supra, 33 Cal.4th at p. 377.)

Nor can we say it was an abuse of discretion to decline to dismiss the serious felony prior, because "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others" Jones testified that he participated in Alcoholics Anonymous and submitted evidence that he completed a five-month substance abuse program in 2017. However, in response to the court's question about what step of the Twelve-Step program he was on, he responded vaguely that he "do[es] all the

steps pretty much." The court's concern that Jones had not adequately addressed his substance abuse problems is not unfounded.

Jones also submitted evidence that he engaged in other efforts at rehabilitation or community involvement, including avoiding infractions in prison, completing an anger management class in 2020, mentoring younger inmates, and participating in a charity cancer event in 2016. Nonetheless, the court was not convinced that these efforts, when measured against his lengthy and sometimes violent criminal history, demonstrated that Jones no longer posed a danger to others. The court thus balanced valid, competing factors that we are not free to reweigh, (*Scott, supra,* 9 Cal.4th at p. 355), and Jones has not shown any abuse of discretion.

DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.



BUCHANAN, J.

8